# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLEY JOE STARR, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 02-694-P |
| ) | |
| **RANDALL WORKMAN, Warden,** ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

NOW before the Magistrate Judge is petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, attacks his conviction in Sequoyah County District Court Case Number CF-2000-665 for Manufacture of a Controlled Dangerous Substance (Count 1), and Possession of a Controlled Dangerous Drug with Intent to Distribute Within 2,000 Feet of a School (Count 2). He sets forth the following grounds for relief:

   I.   Petitioner was denied direct appeal through no fault of his own, but through ineffective assistance of trial counsel.

   II.  Petitioner's request to have motion to withdraw guilty plea should be granted based on the technical errors contained in guilty plea summary of facts sheet.

Respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Docket Summary for Sequoyah County District Court Case Number CF-2000-665.

B. Order Denying Petitioner's Application for Judicial Review. *Starr v. State*, No. CF-00-665 (Sequoyah County Dist. Ct. Aug. 30, 2001).

C. Order Denying Petitioner's Motion to Withdraw Plea. *Starr v. State*, No. CF-00-665 (Sequoyah County Dist. Ct. May 23, 2002).

D. Order Denying Petitioner's Post Conviction Relief. *Starr v. State*, No. 00-665 (Sequoyah County Dist. Ct. May 23, 2002).

E. Order Affirming Denial of Post-Conviction Relief. *Starr v. State*, No. PC-2002-794 (Okla. Crim. App. July 11, 2002).

F. Petitioner's appeal of the denial of post-conviction relief, filed in the Oklahoma Court of Criminal Appeals on June 24, 2002.

G. Petitioner's December 18, 2000, Judgment and Sentence in Case Number CF-2000-665.

**Facts**

On December 18, 2000, petitioner entered pleas of guilty to Count 1 and Count 2 of Sequoyah County District Court Case Number CF-00-665. On December 22, 2000, he sent a letter to the state district judge stating he had made a hasty and incorrect decision and asking to consult an attorney and withdraw his plea. He alleged he did not understand everything he signed and requested that the court accept his appeal. The district court filed the letter as a motion to withdraw plea and denied the motion in *Starr v. State*, No. CF-00-665 (Sequoyah County Dist. Ct. May 23, 2002). Petitioner did not file a direct appeal of his conviction.

On August 24, 2001, petitioner filed a Motion for Judicial Review in the trial court which was denied. *Starr v. State*, No. CF-00-665 (Sequoyah County Dist. Ct. Aug. 30,

2001). On May 6, 2002, petitioner filed an application for a post-conviction appeal out of time, request for evidentiary hearing, a motion for speedy hearing, and a motion for appointment of counsel. The trial court denied all the motions on May 23, 2002. Petitioner then filed a petition in error to the Court of Criminal Appeals which was also was denied. *Starr v. State*, No. PC-2002-794 (Okla. Crim. App. July 11, 2002).

**Ground I**

Petitioner alleges he was denied a direct appeal through no fault of his own, but through ineffective assistance of counsel. The respondent asserts the Oklahoma Court of Criminal Appeals considered and found no merit in this claim in petitioner's post-conviction appeal, and under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires

3

a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687.

Here, the court finds petitioner has failed to establish that he was denied a direct appeal because of ineffective assistance of counsel. Contrary to petitioner's claim that he could not file an application to withdraw his guilty plea, the state district court recognized that petitioner had filed a motion to withdraw his plea through a letter to the court. In its Order Denying Petitioner's Motion to Withdraw Plea, the state district court found that "[j]ust because the Petitioner feels he made a 'hastely [sic] and incorrect' decision" in entering his plea, he had not presented a factual issue sufficient to support a motion to withdraw the plea. *Starr*, No. CF-00-665, slip op. at 1-2 (May 23, 2002). The district court further found that "Petitioner entered his plea knowingly and voluntarily on his own free will." *Id.* at 2. Furthermore, when the plea was entered, the district court asked petitioner if he knew what the charges and plea were, and petitioner responded with the exact recommendations of the State. *Id.*

In a separate Order Denying Petitioner's Post Conviction Relief, the state district court made the following findings:

> As to Petitioner's first issue [claiming he was denied an appeal and effective assistance of counsel], the Court has reviewed the entire court file and cannot establish that the Petitioner was ever denied an appeal right. During Petitioner's plea, the Court explained to the Petitioner his appeal rights and what Petitioner needed to do to appeal his conviction. It is through no fault of this court that the Petitioner did not file an appeal. As to Petitioner's issue of ineffective assistance of counsel, this issue is an appealable issue that Petitioner could have appealed. Case law dictates that if it is an appealable issue, that issue is barred in a post conviction [application]. Therefore, the Court is denying Petitioner's first ground on his Application for Post Conviction Relief.

> As to Petitioner's second issue [alleging he should be allowed to withdraw his plea], a determination of whether or not Petitioner's motion to withdraw his plea is not an appropriate issue for an application for post conviction relief. Therefore, the Court is denying Petitioner's second ground on his Application for Post Conviction Relief.

*Starr v. State*, No. CF-00-665, slip op at 2 (Sequoyah County Dist. Ct. May 23, 2002).

The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief, finding that petitioner "failed to show the District Court erred in its finding that Petitioner was properly advised of his right to appeal, or that Petitioner received effective assistance of counsel." *Starr v. State*, No. PC-2002-794, slip op. at 2 (Okla. Crim. App. July 11, 2002).

After careful review, the court finds the Court of Criminal Appeals' determination that petitioner was not denied a direct appeal because of ineffective assistance of counsel was not contrary to federal law, and that court's determination was not based on an unreasonable determination of the facts. Ground I of this petition fails.

### **Ground II**

Petitioner claims in Ground II that he should have been allowed to withdraw his plea because of technical errors in the guilty plea Summary of Facts sheet. He contends he signed in the attorney's portion of the sheet, and his lawyer signed in petitioner's signature area. The respondent asserts this claim of whether the plea document was properly completed is an issue of state law that is not subject to federal habeas corpus review.

A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law, unless it is determined that the state law violation rendered the proceedings fundamentally unfair. *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000) (citing *Boyd v.*

5

*Ward*, 179 F.3d 904, 916 (10th Cir. 1999), *cert. denied*, 531 U.S. 1128 (2001). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). In the absence of "a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure," technical violations that could have been raised on direct appeal may not be raised collaterally. *United States v. Timmreck*, 441 U.S. 780, 783 (1979). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.1(C), the parties are given ten (10) days from being served with a copy of these findings and recommendations to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

DATED this 28th day of February, 2006.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**